**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4542-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAUN M. KENNEDY,

     Defendant-Appellant.

_____

     Submitted September 15, 2021 – Decided November 22, 2021

     Before Judges Hoffman and Susswein.

     On appeal before the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-02-0459.

     Joseph E. Krakora, Public Defender, attorney for appellant ( Karen A. Lodeserto, Designated Counsel, on the brief).

     Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a January 31, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After carefully reviewing the record, we affirm.

Defendant was indicted in connection with the October 2014 armed robbery of a Dunkin' Donuts store. Defendant served as the driver to and from the crime scene. In June 2017, defendant pled guilty to second-degree conspiracy to commit robbery[1] in exchange for the State's agreement to dismiss the remaining counts of the indictment charging first-degree robbery and related weapons offenses.

Prior to sentencing, defendant sought to withdraw his guilty plea, arguing that his original counsel failed to provide him with discovery materials and pressured him to plead guilty. Due to the nature of those allegations, defendant's original counsel was replaced, and a new attorney represented him on the motion to withdraw the guilty plea. Judge Gwendolyn Blue denied the defendant's motion and found that defendant had "buyer's remorse." Judge Blue sentenced defendant in accordance with the plea agreement to an eight-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Subsequently,

---

[1] The codefendant with whom defendant conspired, Mark O'Connor, pled guilty to robbery and is not a party to this appeal.

A-4542-19

we affirmed the sentence on the Sentencing Oral Argument (SOA) calendar "without prejudice to defendant's right to file a timely application for post-conviction relief."

Following this court's decision, defendant filed a PCR application. Defendant argued that his counsel rendered ineffective assistance by (1) failing to notify him that he was subject to NERA and that NERA requires a parole ineligibility term, (2) allowing him to plead guilty while under the influence of Suboxone and heroin, and (3) failing to file motions to suppress defendant's video-recorded statement to police and physical evidence recovered during a consent search of his vehicle. Judge Blue determined that all of defendant's claims were procedurally barred, and even if not barred failed to satisfy the requirements under Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, Judge Blue denied defendant's PCR application without an evidentiary hearing.

Defendant raises the following contentions for our consideration:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING MR. KENNEDY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL EXPLAINING WHY HE ALLOWED HIS CLIENT TO PROCEED WITH THE PLEA HEARING

WHEN HE KNEW MR. KENNEDY WAS UNDER THE INFLUENCE OF VARIOUS ILLICIT SUBSTANCES, AND WAS PRESSURING HIM TO PLEAD GUILTY, AND KNEW MR. KENNEDY WAS NOT AWARE HE WAS SUBJECT TO NERA.

POINT TWO

THE PCR COURT ERRED IN DENYING MR, KENNEDY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE FAILED TO FILE A MOTION TO CHALLENGE THE ILLEGAL ARREST OF HIS CLIENT.

POINT THREE

THE PCR COURT ERRED IN DENYING MR. KENNEDY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE FAILED TO FILE A MOTION TO SUPPRESS MR. KENNEDY'S STATEMENT TO POLICE AS MR. KENNEDY WAS ALSO IMPAIRED WHEN HE SPOKE WITH THEM.

POINT FOUR

THE PCR COURT ERRED IN DENYING MR, KENNEDY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY HE FAILED TO FILE A MOTION TO SUPPRESS THE ITEMS FOUND IN MR. KENNEDY'S CAR AND HOME AS HE WAS IMPAIRED AND UNABLE TO PROVIDE A VALID CONSENT TO SEARCH

4

Judge Blue carefully reviewed defendant's PCR arguments and rendered a comprehensive decision on the record. We affirm substantially for the reasons explained in her thorough and thoughtful oral opinion. Accordingly, we need not re-address defendant's arguments at length. We add the following comments.

The State argues that defendant's PCR claims are procedurally barred under State v. Mitchell, 126 N.J. 565 (1992), because his contentions were not raised on direct appeal. Judge Blue agreed that defendant's PCR contentions were procedurally barred but nonetheless addressed them on the merits. We too address defendant's PCR claims on the merits in view of our SOA order that expressly stated that our affirmance was "without prejudice to defendant's right to file a timely application for post-conviction relief."

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland, 466 U.S. at 686 (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In order to demonstrate ineffectiveness of counsel, "[f]irst, the defendant must show that counsel's performance was deficient. . . . [s]econd, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. In State v. Fritz,

our Supreme Court adopted the two-part test articulated in <u>Strickland</u>. 105 N.J. 42, 58 (1987).

To meet the first prong of the <u>Strickland</u> test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. The fact that a trial strategy fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. <u>State v. DiFrisco</u>, 174 N.J. 195, 220 (2002) (citing <u>State v. Bey</u>, 161 N.J. 233, 251 (1999)).

The second prong of the <u>Strickland</u> test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. <u>Id.</u> at 694. The second <u>Strickland</u> prong is particularly demanding: "the error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." <u>State v. Allegro</u>, 193 N.J. 352, 367 (2008) (quoting <u>State v. Castagna</u>, 187 N.J. 293, 315 (2006)). Furthermore, to set aside

6 <span>A-4542-19</span>

a guilty plea based on ineffective assistance of counsel, a defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994). This "is an exacting standard." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Allegro, 193 N.J. at 367). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52; Strickland, 466 U.S. at 693).

Short of obtaining immediate relief, a defendant may establish that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462–63 (1992). A defendant is entitled to an evidentiary hearing only when (1) he or she is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. R. 3:22-10(b). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie case entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under both prongs of

the <u>Strickland</u> test.  <u>Preciose</u>, 129 N.J. at 463.  We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim."  <u>Ibid</u>.

Applying these legal principles to the case before us, we agree with the PCR judge that defendant failed to establish the grounds for an evidentiary hearing, much less the <u>Strickland</u>/<u>Fritz</u> standard to vacate his guilty plea.  As Judge Blue aptly noted, the plea form and comprehensive plea colloquy refutes defendant's bald assertion that he did not understand the sentencing consequences of his plea or that he had been pressured by his attorney to waive his right to trial.

Judge Blue, who presided over the plea hearing, also determined there was "absolutely no evidence" that defendant was under the influence of drugs or alcohol when the guilty plea was entered.  The judge stressed that defendant did not appear to be intoxicated and denied being under the influence when that standard question was posed during the plea colloquy.  Defendant also denied under oath that he had been pressured to plead guilty.  The record thus clearly establishes that defendant knowingly and voluntarily pled guilty.

As to defendant's contention that counsel rendered ineffective assistance by not filing suppression motions, Judge Blue properly determined that

defendant's arguments are meritless and that any such pretrial motions would have been denied. Judge Blue viewed the video recording of the stationhouse custodial interrogation and found that defendant appeared to be alert; there was no indication he was under the influence of alcohol or drugs, sleep-deprived, or otherwise visibly impaired as to render his confession involuntary, as he now claims. So too there is no evidence in the record to suggest that defendant's mental faculties were impaired when he gave consent to search his vehicle shortly before his arrest and stationhouse interrogation.

As to defendant's claim that the police did not have probable cause to arrest, Judge Blue noted that defendant's girlfriend gave a statement to police implicating him in the robbery. That statement, coupled with the mask and knife found in defendant's vehicle, provided ample probable cause to believe defendant participated in the crime. We stress that "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion." State v. O'Neal, 190 N.J. 601, 619 (2007); see also State v. Worlock, 117 N.J. 596, 625, 569 A.2d 1314 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel."). Finally, we agree with Judge Blue that defendant failed to establish that he would not have pled guilty

A-4542-19

but for counsel's failure to file suppression motions.  See DiFrisco, 137 N.J. at 457.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION